Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 0914 | DATE | 4-27-11 |
| CASE TITLE | Natalio C Madrigal, Jr. (#2009-0010972) vs. Sergeant Cooper | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#8] is granted. However, the amended complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case remains closed. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers at the jail, violated the plaintiff's constitutional rights by cutting short his breakfast and by making racist and threatening remarks to him.

By Minute Order of March 31, 2011, the court dismissed the case for failure of the plaintiff to comply with an order either to pay the statutory filing fee or submit an application to proceed *in forma pauperis*. The plaintiff has now belatedly filed an i.f.p. application, along with an amended complaint.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $5.30 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments
**(CONTINUED)**

mjm

shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a prisoner suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the amended complaint fails to state a federal claim as a matter of law.

The plaintiff alleges that he is required to eat slowly due to medical issues. On February 18, 2011, two correctional officers became unreasonably angry at the plaintiff for tarrying. The officers allegedly made threatening and racist remarks and took away the plaintiff's food tray.

Although the plaintiff describes unprofessional and inexcusable conduct by the guards, his allegations do not rise to the level of a constitutional violation. There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.).

The occasional missed meal does not rise to the level of a constitutional violation. *See, e.g., Curiel v. Stigler*, No. 06 C 5880, 2008 WL 904894, *5 (N.D. Ill. Mar. 31, 2008) (Zagel, J.), *citing Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, *8 (N.D. Ill. May, 14, 2003) (Manning, J.) (citations omitted); *Cunningham v. Eyman*, No. 95 C 2900, 2000 WL 748098, *6 (N.D. Ill. Jun.9, 2000) (Moran, J.). A single interrupted breakfast does not implicate the Fourteenth Amendment.

Threats, harassment, and racially derogatory remarks–while again wholly unacceptable–are likewise not actionable under 42 U.S.C. § 1983. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Threats and verbal harassment, as well as derogatory racial epithets, do not rise to the level of a constitutional violation. *See, e.g., Patton v. Przybylski*, 822 F.2d 697 (7th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Medera v. Griffin*, No. 02 C 1064, 2003 WL 132496, *10 (N.D. Ill. Jan. 14, 2003) (Leinenweber, J.). The plaintiff's unpleasant encounter with the defendants is not a basis for suit under the Civil Rights Act.

For the foregoing reasons, the amended complaint is dismissed for failure to state a claim upon which relief may be granted. The case consequently remains closed. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this order, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."